# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SIERRA CLUB et al., <br><br> *Plaintiffs,* <br> v. <br> NATIONAL MARINE FISHERIES SERVICE et al., <br><br> *Defendants,* <br> CHEVRON U.S.A. INC. <br><br> *Intervenor-Defendant,* <br> and <br> AMERICAN PETROLEUM INSTITUTE et al., <br><br> *Intervenor-Defendants.* | No. 8:25-cv-01627-DLB |

## JOINT PROPOSED CASE MANAGEMENT SCHEDULE

Plaintiffs Sierra Club, Center for Biological Diversity, Friends of the Earth, Turtle Island Restoration Network, and Natural Resources Defense Council, Federal Defendants National Marine Fisheries Service and Eugenio Piñeiro Soler, in his official capacity as assistant administrator for National Oceanic and Atmospheric Administration Fisheries, and Intervenor-Defendants American Petroleum Institute, EnerGeo Alliance, National Ocean Industries Association, and Chevron U.S.A., Inc. submit this joint proposed case management schedule in the interest of ensuring the prompt and expeditious resolution of this litigation. This case is exempted from Fed. R. Civ. P. 16(b) because it involves judicial review of an agency action on the administrative record.

The parties conferred in an attempt to reach agreement on a proposed schedule in

accordance with the Court's August 21 order (R. Doc. 38) and L.R. 103.9. The parties were unable to resolve two points impacting the proposed schedule, as set forth below.

***First***, as reflected in the schedule below, Intervenors intend to file a motion to transfer venue to the Western District of Louisiana, not later than August 28, 2025. Intervenors believe that setting a case schedule should otherwise be reserved until the threshold motion to transfer venue is decided. If the motion to transfer venue is granted, this would allow the reviewing court to decide issues regarding the scope of the administrative record, and to coordinate the timing of briefing and review of this case with the related case pending in Louisiana, where summary judgment briefing is already well underway. Although this may result in moderate delay of the Plaintiffs' merits briefing, this delay is not prejudicial to Plaintiffs as summary judgement in the ordinary course takes substantial time, and Plaintiffs have not sought expedited resolution of this case.

Plaintiffs oppose that course of action because it would introduce unwarranted and prejudicial delay to their ability to seek timely relief. *See* Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").[1] Plaintiffs have not sought expedited resolution of this case because they believed their proposed summary briefing schedule would allow for timely resolution of this case and any necessary relief, given that Intervenors promised not to introduce any delay when they moved for intervention. *See* Chevron Mot. Interv. 11, ECF No. 14-1 ("Intervention will therefore not entail undue delay or prejudice."); Ass'ns' Mot. Interv. 15, ECF No. 18-1 ("The Associations' participation creates no delay or prejudice to any party."). In contrast, the proposed schedule below allows summary judgment briefing to proceed at a more manageable pace while avoiding any prejudice to Intervenors because it provides time for the Court to consider the transfer motion prior to the due date for Intervenors' opening merits brief.

---

[1] Plaintiffs note it is unclear how the Louisiana court could "coordinate the timing of briefing" when "summary judgment briefing is already well underway." Intervenors' proposal seeks to delay Plaintiffs' ability to brief summary judgment while their own summary judgment briefing proceeds.

2

Federal Defendants agree it would be appropriate and facilitate judicial efficiency to resolve the motion to transfer before summary judgment briefing begins but also do not object to setting a summary judgment briefing schedule at this stage. .

***Second***, Defendants and Intervenors both believe that briefing on appropriate remedy should be deferred until after the Court rules on the merits. Remedy briefing may not be required at all. And, if it is, remedy briefing must be tailored to the Court's merits rulings, as the appropriate scope of any remedy turns on the precise nature of any deficiencies that the Court identifies. Moreover, the remedy sought by Plaintiffs in this case, vacatur of the 2025 biological opinion, can have severe economic and environmental consequences as set forth in the 35 declarations filed by Defendants and Intervenors in the challenge to the 2020 biological opinion. *See Sierra Club v. National Marine Fisheries Service*, 8:20-cv-0360 (D. Md.), Dkts. 211 and 212. The Court's discretion as to remedy, including its discretion to stay vacatur, turns on a number of factors including the seriousness of the violation and the time needed by the agency to fix any error, that cannot be meaningfully or fully addressed prior to the Court's ruling on the merits. Accordingly, Defendants and Intervenors believe that remedy should be addressed (if necessary) only after the decision on the merits and respectfully request an opportunity to file supplemental briefs on remedy, if the Court finds any legal violations.

Plaintiffs believe it is premature to conclusively determine whether remedy briefing must be deferred until after the Court rules on the merits. The exigencies of this case and potential changes to the circumstances on the water may necessitate asking the Court for a remedy order sooner. Plaintiffs accordingly believe they should retain the ability to address remedy in their summary judgment briefing if necessary. As in the previous BiOp litigation, the Plaintiffs anticipate that the parties could request an enlargement of subsequent page limits as necessary to address remedy at that time. Plaintiffs disagree that the Court is unable to meaningfully address the relevant remedy factors in its summary judgment opinion.

Subject to the Court's resolution of the above two issues, the parties propose the following schedule:

| | |
|---|---|
| August 28, 2025 | Intervenors will file a motion to transfer venue |
| September 19, 2025 | Deadline for any responses to Intervenors' motion to transfer venue |
| September 26, 2025 | Deadline for any motion challenging the completeness of the administrative record. If no such motion is filed, Federal Defendants will lodge the administrative record with the Court on this date.[2] |
| October 3, 2025 | Deadline for any reply in support of Intervenors' motion to transfer venue |
| October 3, 2025 | Plaintiffs' Motion for Summary Judgment |
| November 12, 2025 | Federal Defendants' Combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment |
| November 19, 2025 | Intervenors' Combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment |
| January 12, 2026 | Plaintiffs' Combined Opposition to Federal Defendants' and Intervenors' Cross-Motions for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment |
| February 11, 2026 | Federal Defendants' Reply in Support of their Cross-Motion for Summary Judgment |
| February 18, 2026 | Intervenors' Reply in Support of their Cross-Motion for Summary Judgment |

Given the complexity of the issues in this case, the parties believe an enlargement of page limits for summary judgment briefing is necessary. The parties proposed the following limits:

| | |
|---|---|
| Plaintiffs' Motion for Summary Judgment | 45 pages |
| Federal Defendants' Combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment | 50 pages |

---

[2] If Plaintiffs file a motion challenging the completeness of the administrative record, the summary judgment briefing schedule would be vacated. The parties would submit a new proposed summary judgment briefing schedule within 7 days after a ruling on said record motion.

| Intervenors' Combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment | 45 pages |
|---|---|
| Plaintiffs' Combined Opposition to Federal Defendants' and Intervenors' Cross-Motions for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment | 60 pages |
| Federal Defendants' Reply in Support of their Cross-Motion for Summary Judgment | 30 pages |
| Intervenors' Reply in Support of their Cross-Motion for Summary Judgment | 25 pages |

WHEREFORE, the parties respectfully request that this Court resolve the two disputed issues enter a schedule accordingly.

Respectfully submitted this 28th day of August, 2025.

/s/ Christopher D. Eaton
Christopher D. Eaton (D. MD Bar 21544)
Stephen D. Mashuda (*pro hac vice*)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 Telephone
ceaton@earthjustice.org
smashuda@earthjustice.org

Ava Ibanez Amador (*pro hac vice*)
EARTHJUSTICE
48 Wall St., 15th Floor
New York, NY 10005
212-845-7376 Telephone
alamador@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Center for Biological Diversity, Friends of the Earth, Turtle Island Restoration Network, and Natural Resources Defense Council*

ADAM R.F. GUSTAFSON,
Acting Assistant Attorney General

5

MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Acting Assistant Section Chief

*/s/ Davis A. Backer*
DAVIS A. BACKER, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

SARA M. WARREN, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-5785
Fax: (202) 305-0275
Email: sara.warren@usdoj.gov

*Attorneys for Federal Defendants*

/s/
Nathan C. Brunette, Bar No. 0612120104
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
(503) 294-9678 Telephone
(503) 220-2480 Fax
nathan.brunette@stoel.com

Ryan P. Steen (pro hac vice)
Jason T. Morgan (pro hac vice)
Tiffany Wang (pro hac vice)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
(206) 624-0900 Telephone
(206) 386-7500 Fax
ryan.steen@stoel.com
jason.morgan@stoel.com
tiffany.wang@stoel.com

6

*Attorneys for American Petroleum Institute, EnerGeo Alliance, and National Ocean Industries Association*


/s/ Dana A. Raphael
Sean Marotta (pro hac vice)
Dana A. Raphael (D. Md. Bar No. 30434)
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
(202) 637-5600
dana.raphael@hoganlovells.com
sean.marotta@hoganlovells.com

John S. Moran (pro hac vice forthcoming)
Michael Brody (pro hac vice forthcoming)
MCGUIREWOODS LLP
888 Sixteenth Street N.W., Suite 500
Washington D.C. 20006
(202) 828-2817
jmoran@mcguirewoods.com
mbrody@mcguirewoods.com

Sarah C. Bordelon (pro hac vice)
HOLLAND & HART LLP
5470 Kietzke Lane, Suite 100
Reno, NV  89511
(775) 327-3000
scbordelon@hollandhart.com

*Attorneys for Intervenor-Defendant Chevron U.S.A. Inc.*