**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| SIERRA CLUB et al., | |
| *Plaintiffs,* | No. 8:25-cv-01627-DLB |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE et al., | |
| *Defendants,* | |
| CHEVRON U.S.A. INC., | |
| *Intervenor-Defendant,* | |
| and | |
| AMERICAN PETROLEUM INSTITUTE et al., | |
| *Intervenor-Defendants.* | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs Sierra Club, Center for Biological Diversity, Friends of the Earth, Turtle Island Restoration Network, and Natural Resources Defense Council (Conservation Groups) respectfully move this Court for entry of summary judgment in their favor on all counts raised in the Amended Complaint (ECF No. 32). Conservation Groups ask the Court to declare that Defendants National Marine Fisheries Service, and Eugenio Piñerio Soler, the Assistant Administrator for the National Oceanic and Atmospheric Administration (collectively, Defendants or NMFS) violated the Endangered Species Act (ESA) and Administrative Procedure Act when issuing the Biological Opinion (BiOp) on the Federal Oil and Gas Program Activities in the Gulf of America and its associated incidental take statement, and vacate and remand the BiOp and incidental take statement. The BiOp addresses the effects of all federally authorized oil and gas activities in the Gulf over a 45-year time period on threatened and endangered species. In formulating the BiOp, NMFS

1

unlawfully: (1) underestimated the effects of the action from oil spills by arbitrarily disregarding the likelihood of a catastrophic oil spill and failing to account for the full scope of effects from smaller yet significant, foreseeable oil spills; (2) underestimated the effects of vessel strikes; (3) underestimated the effects of geological and geophysical surveys; (4) reached arbitrary conclusions about the degree to which the action will jeopardize the continued existence and recovery of the Rice's whale; (5) failed to incorporate climate effects into the environmental baseline it used to assess jeopardy; (6) reached illogical conclusions that the action would not impede the recovery of species; (7) failed to show that a proposed reasonable and prudent alternative is sufficient to avoid jeopardizing the survival and recovery of the critically endangered Rice's whale; and (8) issued an incidental take statement that violates the Endangered Species Act's requirements for certain expected take of whales and, for all species, take from oil spills and marine debris. These errors are arbitrary and capricious, fail to use the best available science, and are contrary to the Endangered Species Act.

Conservation Groups attach a Memorandum of Points and Authorities in support of this Motion for Summary Judgment and a Proposed Order. Conservation Groups respectfully request that the Court grant judgment in their favor and vacate and remand the BiOp and incidental take statement.

Respectfully submitted this 3rd day of October, 2025.

/s/ Christopher D. Eaton
Christopher D. Eaton (D. MD Bar 21544)
Stephen D. Mashuda (*pro hac vice*)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 Telephone
ceaton@earthjustice.org
smashuda@earthjustice.org

Ava Ibanez Amador (*pro hac vice*)
EARTHJUSTICE

48 Wall St., 15th Floor
New York, NY 10005
212-845-7376 Telephone
alamador@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Center for Biological Diversity, Friends of the Earth, Turtle Island Restoration Network, and Natural Resources Defense Council*